**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**COURTNEY DEAN PACKNETT**                                        **CIVIL ACTION**

**VERSUS**                                                                          **NO. 11-436**

**EDWIN J. KLEIN, III, ET AL.**                                          **SECTION "F"(1)**

**REPORT AND RECOMMENDATION**

Plaintiff, Courtney Dean Packnett, a state prisoner, filed this *pro se* civil action pursuant to

42 U.S.C. § 1983 against detective Edwin J. Klein, III, and the Jefferson Parish Sheriff's Office.

In plaintiff's complaint, his claims, in their entirety, are stated as follows:

> May 13, 2002 Det. Klein arrested Mr. Packnett from his home without probable
> cause, failed to advised Mr. Packnett about the cause for the arrest, and filed or
> maintained false public records.  Sgt. Det. R. Thornton not knowing the cause of the
> arrest denied Mr. Packnett counsel and the right to know about the investigation
> against him.  From May 16, 2002 until June 28, 2002 and July 26, 2002, the
> Jefferson Parish Sheriff Office denied Mr. Packnett a determination of probable
> cause and the right to see a judge for the appointment of counsel and/or the
> determination to fix bail, violating state law and Mr. Packnett's fourth and fourteenth
> amendment rights.[1]

Plaintiff's prayer for relief, in its entirety, is as follows:  "Reverse the conviction(s) and sentence(s)

imposed that violate the fourth and fourteenth amendments and grant Mr. Packnett's immediate

release."[2]

---

[1]    Rec. Doc. 1, pp. 4-5.

[2]    Rec. Doc. 1, p. 5.

The history of plaintiff's state criminal prosecution is summarized in the state court decision affirming his conviction.  That decision reflects that Darren Tigler was murdered on May 7, 2002, and that Detective Klein was the officer who investigated the crime.  As a result of that investigation, plaintiff was arrested and indicted for second degree murder.  He was found by a jury to be guilty as charged, and he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.  That conviction and sentence was affirmed on appeal on December 28, 2004.  State v. Packnett, 892 So.2d 615 (La. App. 5th Cir. 2004), writ denied, 903 So.2d 455 (La. 2005).

## I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ...."  28 U.S.C. § 1915A(b)(1).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... is frivolous ...."  28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

2

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[3] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous.

## II. § 1983 Claims

Plaintiff's federal civil rights claims are clearly prescribed. This lawsuit is based on events which occurred in 2002, and the claims asserted herein accrued at that time. See Wallace v. Kato, 549 U.S. 384 (2007); McCloud v. Jarus, Civ. Action No. 09-0121, 2010 WL 103684, at *6-7 (E.D. La. Jan. 7, 2010); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009); Shipp v. Richardson, Civ. Action No. 3:07CV-P693-S, 2008 WL 2358859, at *2 (W.D. Ky. June 7, 2008). Plaintiff thereafter had only one year to bring his claims pursuant to 42 U.S.C. § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). However, plaintiff's federal complaint was filed no earlier than January 31, 2011,[4] more than

---

[3]   The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[4]   A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, January 31, 2011.

*eight years* after his claims accrued in 2002.  Accordingly, his § 1983 claims prescribed long before

the instant lawsuit was filed.  A complaint asserting prescribed claims is properly dismissed as

frivolous.  See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157

F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.[5]

        Moreover, in any event, plaintiff cannot be granted the relief he seeks in this § 1983 action.

As noted, plaintiff asks only that this Court vacate his conviction and sentence and order his

immediate release from imprisonment.  Those forms of relief may not be granted in a civil rights

action brought pursuant to 42 U.S.C. § 1983.  "[W]hen a state prisoner is challenging the very fact

or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled

---

[5]     Out of an abundance of caution, the Court notes that plaintiff's § 1983 claims also fail on
alternative grounds.
        First, plaintiff has named the Jefferson Parish Sheriff's Office as a defendant in this matter.
However, that is improper, because a Louisiana parish sheriff's office is not a legal entity capable
of being sued.  Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 283 (5th
Cir. 2002); see also Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D.
La. Feb. 26, 2008); Wetzel v. St. Tammany Parish Jail, 610 F. Supp. 2d 545, 548 (E.D. La. 2009);
Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2
(E.D. La. Feb. 6, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001);
Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).
        Second, plaintiff's claim that he was arrested without probable cause is additionally barred
by Heck v. Humphrey, 512 U.S. 477 (1994). Where, as here, an individual was ultimately convicted
as a result of the challenged arrest and that conviction remains in force, Heck bars any false arrest
claim until such time as the conviction has been reversed on direct appeal, expunged by executive
order, declared invalid by a state tribunal authorized to make such determination, or called into
question by a federal court's issuance of a writ of *habeas corpus*.  See Wallace v. Kato, 549 U.S.
384, 394 (2007); see also Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Landor v.
Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008).  The same is true
with respect to any related false imprisonment claim.  Jackson v. Terrell Police Department, Civ.
Action No. 3:09-CV-2307, 2010 WL 183935, at *2-3 (N.D. Tex. Jan. 19, 2010); Burgo v. Ruiz, Civ.
Action No. 09-1165, 2009 WL 5108390, at *2-3 (W.D. La. Dec. 15, 2009); Landor, 2008 WL
243950, at *3.  Claims barred by Heck are legally frivolous.  Hamilton v. Lyons, 74 F.3d 99, 102
(5th Cir. 1996).

4

to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).  If plaintiff wishes to pursue federal *habeas corpus* relief, he should do so by filing a proper petition pursuant to 28 U.S.C. § 2254 after his exhausting his state court remedies with respect to all of his claims.[6]

### III.  State Law Claims

The Court notes that plaintiff also indicates in the complaint that he is asserting claims under state law.  However, in that plaintiff's federal claims are being dismissed, it is appropriate for the Court to decline to exercise supplemental jurisdiction over any state law claims.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

---

[6]   This Court does not have before it sufficient information to determine whether any such petition would be timely under federal law and, therefore, expresses no opinion on that issue.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this twenty-eighth day of February, 2011.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[7]     Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.